IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANELLE CHEESMAN, and all other similarly situated employees of SS&C, <br><br> Plaintiff, <br><br> - against - <br><br> EXPRESS MANAGEMENT HOLDINGS, LLC., d/b/a T-MOBILE PREMIER, RONALD LUBIN, individually, MARC LUBIN, individually, and EDWARD ROSERO, individually, <br><br> Defendant. | CLASS AND COLLECTIVE ACTION COMPLAINT <br><br> Docket No.: <br><br> Jury Trial Demanded |

Plaintiff JANELLE CHEESMAN ("Plaintiff" or "Cheesman"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to others similarly situated, brings this Class and Collective Action Complaint against Defendants EXPRESS MANAGEMENT HOLDINGS, LLC, d/b/a T-MOBILE PREMIER ("Premier"), RONALD LUBIN, individually, MARC LUBIN, individually, and EDWARD ROSERO, individually, (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the New Jersey State Wage Payment Law, N.J.S.A. 34:11-56a *et seq.* (as amended on August 6, 2019, S1790), and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC") (collectively the "NJWHL"), as well as the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

2. Plaintiff brings this lawsuit against Defendants as a class and collective action pursuant to Rule 23, and 29 U.S.C. 216(b), on behalf of herself and all other persons similarly situated non-exempt Associates who suffered damages as a result of Defendants' violations.

3. Defendants engaged in a policy and practice of requiring the Plaintiff and members of the putative class to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state laws.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 1332, and 1367, and by 29 U.S.C. § 216(b).

5. This Court has original jurisdiction over the Plaintiff's state law claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). This is a putative action whereby: (i) the proposed Rule 23 class consists of at least 100 or more members; (ii) at least some of the members of the proposed Rule 23 class, including but not limited to Plaintiff, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 class exceeds $5,000,000.00 in the aggregate, exclusive of attorneys' fees and costs.

6. Further, the Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times pertinent to this Complaint, the Defendants were and remain an enterprise engaged in interstate commerce or in the production of interstate goods for

commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage T-Mobile Stores in New Jersey, Pennsylvania, Connecticut, Rhode Island, Maryland, Washington D.C., South Carolina, and Florida. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., servicing clients, and administering products throughout the country. Thus, Plaintiff and those similarly situated employees fall within the protections of the FLSA.

9. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## **PARTIES**

10. Plaintiff Cheesman is an adult individual who is a resident of Elizabeth, Union County, New Jersey.

11. Plaintiff Cheesman was employed by Defendants full time as a non-exempt manager, from in or about November 2009, through in or about December 2019.

12. Defendant Premier is a nationwide T-Mobile cellular phone software company that offers investment services. SS&C has approximately 22,000 employees in 21 states in the United States, and over 20 countries worldwide.

13. At all times relevant to this Complaint, the Defendant Premier, employs Associates, amongst other individuals, to perform labor services in Defendant's offices.

## **FACTS**

14. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendant did not properly compensate Plaintiff, and others similarly situated to Plaintiff, for all overtime hours worked in a work week.

3

15. During her employment with Defendants, Plaintiff Cheesman worked in several of their stores, including but not limited to their East Orange, New Jersey, location; their Seacaucus, New Jersey location; and two (2) Newark, New Jersey locations.

16. Plaintiff Cheesman was paid an approximate annual salary of $43,000.00.

17. Plaintiff Cheesman was required to at least work forty-five (45) hours per workweek, but regularly worked over sixty (60) hours each week.

16. Like Plaintiff, similarly situated managers were also paid an annual salary, regardless of the hours they worked each workweek.

17. Like Plaintiff, similarly situated employees of Express, were also required to work forty-five (45) hours in a workweek, but routinely worked more than forty-five (45) hours weekly.

18. Additionally, Plaintiff Cheesman and similarly situated employees were unable to take an uninterrupted thirty (30) minute meal break.

17. In addition to her annual salary, Plaintiff Cheesman was paid a non-discretionary bonus in the form of a percentage of the stores' net profits made above the stores' goals. Similarly situated employees were also paid bonuses after monthly store goals were achieved.

18. Plaintiff Cheesman, as well as all other similarly situated employees of Express were not paid time and one half for their hours over forty (40) worked in a workweek.

19. Plaintiff Cheesman's duties as a manager consisted of, amongst other duties, monitoring inventory, sending out returns, merchandising products, planograms, and approximately 90% of her time was spent assisting customers.

20. Similarly situated managers performed the same tasks as Plaintiff.

21. Plaintiff Cheesman and similarly situated employees, were authorized to hire customer representatives, set their schedules, but did not set their rates of pay, and were not authorized to terminate customer service representatives.

22. Management was fully aware that Plaintiff Cheesman as well as all other similarly situated employees routinely worked well in excess of forty (40) hours in a workweek and routinely were not able to take an uninterrupted thirty (30) minute lunch break.

23. At all times material hereto, Plaintiff and all similarly situated employees, were performing their duties for the benefit of and on behalf of Defendant.

24. This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees pursuant to the applicable provisions of NJWHL, and the FLSA, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

25. At all times pertinent to this Complaint, Defendant failed to comply with applicable provisions of the NJWHL, and the FLSA in that Plaintiff and all similarly situated employees of Defendant performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of their hours worked and for those hours worked in excess of forty (40) within a work week.

26. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt managers who were not properly compensated for hours worked in excess of forty (40) hours in one or more work periods, on or after January 31, 2014.

27. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to the

5

NJWHL, as well as the FLSA, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## CLASS AND COLLECTIVE ALLEGATIONS

28. This action is properly maintainable as a Class Action pursuant to Rule 23, as well as a Collective Action pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b).

29. This action is brought on behalf of Plaintiff and a putative Class consisting of similarly situated employees who performed work for Defendant.

30. The Plaintiff and potential Class are all impacted by the Defendant's common policy, which violated the NJWHL, and the FLSA, by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week.

31. The size of the putative Class is believed to be in excess of 200 employees. In addition, the names of all potential members of the putative Class are not known.

32. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy as the Class is so numerous that joinder of all putative Class members is impracticable.

33. Upon information and belief, Defendant applies similar employment policies, practices, and procedures to all managers who work at all of Defendant's stores throughout the country.

34. The claims of the Plaintiff are typical of the claims of the putative Class. Specifically, the Plaintiff and the putative Class were all subject to Defendant's common policies and willful practices of failing to pay managers overtime wages. The Plaintiff and the putative Class have sustained similar injuries as a result of Defendant's actions.

35. A Class Action is also superior to other methods of adjudication as common questions of law and fact as to all putative class members predominate over any questions pertaining to individual members of the class, including, but not limited to, whether Defendant properly compensated the Plaintiff and the putative Class members for those hours worked in excess of forty (40) hours in one or more work periods, on or after January 31, 2014.

36. Additionally, proceeding as a Class is beneficial to Defendant as its defenses, if any, are common as to the Class as opposed to individual members.

37. The Plaintiff and counsel will fairly and adequately protect the interests of the putative class. The Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation. As well, the claims of the Plaintiff are consistent with and not antagonistic to the interests of other putative Class members.

38. A Class Action is also superior to other methods for adjudication of this controversy because the individual Plaintiff and putative Class lack the financial resources to adequately prosecute separate lawsuits against Defendant. Because the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation, a Class Action will more adequately redress the wrongs done to the Plaintiff and putative Class.

39. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL, as well as all other applicable state laws, by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

40. A Class Action under Rule 23 and a collective action under § 216(b) are superior to other methods of adjudication as they prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## COUNT I
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

42. Defendant engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

43. At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendant within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. §34-11:56a1(f) (as amended on August 6, 2019, S1790).

44. Plaintiff and those similarly situated employees are covered by the NJWHL.

45. Defendant has failed to pay Plaintiff, and employees similarly situated, all of the overtime wages, to which they are entitled under the N.J.S.A., §34:11-56a4 (as amended on August 6, 2019, S1790), and N.J.A.C., 12:57-5.4.

46. Defendant has failed to pay Plaintiff, and those similarly situated employees, their hourly rate of pay for each hour worked in excess of forty (40) in a workweek and their overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

47. As a direct and proximate cause of Defendant's actions, Plaintiff and those similarly situated employees, suffered damages, including but not limited to past, lost earnings.

48. Defendant's aforementioned conduct is in violation of the NJWHL.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

50. Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

51. All similarly situated employees of the Defendant are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

52. Defendant knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

53. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

54. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

55. As a result of Defendant's willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## JURY TRIAL

56. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, JANELLE CHEESMAN, and those similarly situated employees, pray for the following relief:

(a) That this Court certify this action as a Collective Action in accordance with 29 U.S.C. § 216(b);

(b) That this Court certify this action as a Class in accordance with Rule 23 and certify a class of employees similarly situated to Plaintiff Janelle Cheesman;

(c) That Plaintiff Janelle Cheesman be designated a Class representative;

(d) That the undersigned counsel be designated as Class Counsel;

(e) That Plaintiff Janelle Cheesman and the certified Class may have a trial by jury; and

(f) That this Court certify a Class of employees similarly situated to Plaintiff Janelle Cheesman to pursue claims for unpaid overtime under the New Jersey State Wage Payment Law, N.J.S.A. §34:11-56a *et seq.* (as amended on August 6, 2019, S1790) ("NJWHL") and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC")

(g) That Plaintiff Janelle Cheesman and the Class be awarded unpaid overtime, liquidated damages, prejudgment and post judgment interest, attorneys' fees and costs, and all remedies available under the New Jersey State Wage Payment Law, N.J.S.A. §34:11-56a *et seq.* (as amended on August 6, 2019, S1790) ("NJWHL") and associated New Jersey Administrative Code, Ch.12:56-1:1, *et. seq.* ("NJAC"), and the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

(h) That Plaintiff Janelle Cheesman and the certified Class be awarded such other and further relief as this Court may deem just and proper.

Dated:  January 31, 2020                     Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn

    E-mail: AGlenn@JaffeGlenn.com
    Jodi J. Jaffe
    E-mail: JJaffe@JaffeGlenn.com
    **JAFFE GLENN LAW GROUP, P.A.**
    33 State Road, Suite A-1
    Princeton, New Jersey 08540
    Telephone: (201) 687-9977
    Facsimile: (201) 595-0308
    *Attorneys for Plaintiffs*